DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Gary Boreman, appeals from the order of the Summit County Court of Common Pleas, which denied his motion for summary judgment and granted summary judgment in favor of appellee, Stephen T. Labay, Jr. This Court reverses and remands.
 I. {¶ 2} This matter arises out of the removal and disposal of a vehicle, pursuant to R.C. 4513.61. Appellant was the owner of a 1998 Toyota Tacoma truck. On November 19, 2002, appellant met a woman at a bar and loaned her the truck, so she could drive into town to buy cigarettes. The woman never returned with cigarettes or the truck.
 {¶ 3} Pursuant to the parties' amended stipulation of facts submitted in the trial court, on November 20, 2002, appellant telephoned the Wayne County Sheriff's office to report that his truck had been stolen. The parties further stipulated that appellant filed a written police report regarding the missing truck with the Wayne County Sheriff's office on November 21, 2002 and again on December 9, 2002. The Sheriff's office noted on November 21, 2002 the belief that appellant's truck was not stolen, because appellant "freely lent the vehicle to an unknown person." On December 9, 2002, however, the Sheriff's office noted "unauthorized use of a motor vehicle," pursuant to R.C. 2913.03, on appellant's incident report.
 {¶ 4} The parties entered into the following further stipulations. On November 24, 2002, the Akron Police Department ("APD") determined that a 1998 Toyota Tacoma truck had been left on a street in Akron. Upon determination that there was no computer record of a theft report involving the truck, the APD ordered Johnny's Auto Truck Towing, Inc. to tow the truck. The APD then conducted a search of Bureau of Motor Vehicles ("BMV") records and determined that appellant was the registered owner of the truck. The APD sent certified notice to appellant, directing appellant to reclaim the truck from the towing company within 10 days; otherwise, the truck would be disposed pursuant to statute. While the post office attempted delivery of the certified notice twice, appellant never received the notice.
 {¶ 5} It is undisputed that appellant did not reclaim his truck from the towing company within 10 days of the mailing of the notice. On February 19, 2003, a designated representative of the APD executed an unclaimed and abandoned junk motor vehicle affidavit, which a representative of the towing company presented to the Summit County Clerk of Courts to receive a salvage title for the truck. On February 28, 2003, appellee purchased the truck from the towing company and received a salvage title to the truck from the county clerk's office the same day.
 {¶ 6} On July 17, 2003, appellee filed a complaint for declaratory judgment in the trial court, seeking both a declaration that he is the rightful owner of the 1998 Toyota Tacoma truck and an order directing the BMV to register the truck in appellee's name. Earlier, when appellee had attempted to register the truck in his name, the BMV refused, asserting that appellant was the owner of the truck. In his complaint, appellee named appellant as a party, who "has a potential interest in the personal property of this action[.]" Appellee further averred in the complaint that the APD determined that the truck had been abandoned and that they complied with all requirements of R.C. 4513.61 regarding disposal of the truck.
 {¶ 7} Appellant answered that the truck was a stolen vehicle at the time of its disposal and that salvage title should not have issued. Appellant requested a declaration from the court that he is the sole owner of the truck and that salvage title is invalid.
 {¶ 8} The parties filed their amended stipulation of facts and competing motions for summary judgment. The parties agreed that the sole issue for the trial court's determination was whether the truck was abandoned, so that R.C. 4513.61 was applicable to provide for the truck's disposal, or whether the truck was stolen, so that the statute did not apply to allow for disposal. The trial court denied appellant's motion for summary judgment and granted appellee's motion for summary judgment, declaring appellee to be the owner of the truck and ordering the BMV to register the title accordingly. Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"the trial court erred as a matter of law by holding appellant Gary Boreman's motor vehicle abandoned within the meaning of R.C.4513.61 and granting summary judgment to appellee."
 {¶ 9} Appellant argues that the trial court erred by finding that appellant's truck was abandoned, thereby finding summary judgment appropriate for appellee. This Court agrees.
 {¶ 10} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the nonmoving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12.
 {¶ 11} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 12} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 13} This case concerns the applicability of R.C. 4513.61 to the subject truck. The statute addresses the storage, reclamation or disposal of vehicles in possession of law enforcement officers or left on public property. R.C. 4513.61 states in relevant part:
"The sheriff of a county or chief of police of a municipal corporation * * * may order into storage any motor vehicle * * * that has been left on a public street * * *. The sheriff or chief of police shall designate the place of storage of any motor vehicle so ordered removed.
"The sheriff or chief of police immediately shall cause a search to be made of the records of the bureau of motor vehicles to ascertain the owner and any lienholder of a motor vehicle ordered into storage by the sheriff or chief of police * * * and, if known, shall send or cause to be sent notice to the owner or lienholder at the owner's or lienholder's last known address by certified mail with return receipt requested, that the motor vehicle will be declared a nuisance and disposed of if not claimed within ten days of the date of mailing of the notice. The owner or lienholder of the motor vehicle may reclaim it upon payment of any expenses or charges incurred in its removal and storage, and presentation of proof of ownership * * *.
"If the owner or lienholder makes no claim to the motor vehicle within ten days of the date of mailing of the notice, and if the vehicle is to be disposed of at public auction as provided in section 4513.62 of the Revised Code, the sheriff or chief of police shall file with the clerk of courts of the county in which the place of storage is located an affidavit showing compliance with the requirements of this section. Upon presentation of the affidavit, the clerk, without charge, shall issue a salvage certificate of title, free and clear of all liens and encumbrances, to the sheriff of chief of police. If the vehicle is to be disposed of to a motor vehicle salvage dealer or other facility as provided in R.C. 4513.62 of the Revised Code, the sheriff or chief of police shall execute in triplicate an affidavit, as prescribed by the registrar of motor vehicles * * *. Upon presentation of a copy of the affidavit by the motor vehicle salvage dealer, the clerk of courts, within thirty days of the presentation, shall issue to such owner a salvage certificate of title, free and clear of all liens and encumbrances."
 {¶ 14} The parties do not dispute that R.C. 4513.61 is not applicable to stolen vehicles. In enacting that statute, the General Assembly sought to provide a procedure for law enforcement agencies to address vehicles which are abandoned on public or private property. Doughman v. Long
(1987), 42 Ohio App.3d 17, 21. The statute is premised upon the idea of implied consent, i.e., that the owner of a vehicle impliedly consents to the necessary removal of a vehicle, where the owner has knowingly left the vehicle in a public place beyond the statutory time period. MotorsIns. Corp. v. Bougher (Dec. 16, 1981), 9th Dist. No. 1077. Where a vehicle is stolen, however, the owner cannot be said to have abandoned the vehicle. State Farm Ins. Co. v. Jones, 11th Dist. No. 2002-P-0063, 2003-Ohio-4035, at ¶ 14. "The thief abandons it and the owner is helpless to stop him. The owner's consent in not involved. Further, a police official is not the owner's agent and cannot give consent for the owner. Therefore, since there is not implied consent, R.C. 4513.60
through 4513.63 do not apply." Id.
 {¶ 15} While neither appellant nor appellee dispute that R.C. 4513.61
is inapplicable, if appellant's truck was stolen at the time of disposal, the parties dispute the status of the truck at that time.
 {¶ 16} In his motion for summary judgment, appellee argued that the truck was abandoned; because appellant had loaned his truck to a recent acquaintance, with the understanding that the acquaintance would use the truck to buy cigarettes and return. Appellee asserted that this is not a case, where the acquaintance stole and subsequently abandoned the truck, so as to preclude application of R.C. 4513.61. Rather, appellee argued that the acquaintance, with consent to use the truck, merely exceeded that authority in regard to her use of the vehicle.
 {¶ 17} In support of his motion for summary judgment, appellee averred in affidavit merely that the APD ordered the towing of the truck after the department determined that the truck was "not stolen, as of above time date." Appellee further averred that the affidavit executed by the APD indicated that the department had complied with the procedural and notice requirements of R.C. 4513.61, and that he secured salvage title to the truck from the clerk of courts. Finally, appellee attested to the expenses he incurred in regard to the truck.
 {¶ 18} In his competing motion for summary judgment and response in opposition to appellee's motion, appellant argued that the truck was stolen; because his acquaintance deprived him of the truck, within the context of a theft, by knowingly obtaining or exerting control over the truck beyond the scope of appellant's consent.
 {¶ 19} In appellant's affidavit in support of his proposition that the truck was stolen, appellant conceded that he had loaned the truck to a woman he met at a bar. He averred, however, that he loaned the truck for the limited purpose that the acquaintance drive into town to buy cigarettes and then return. Appellant averred that he telephoned the Wayne County Sheriff's department the next day to report the truck stolen and that he followed up by filing two incident reports regarding the theft of the truck. In addition, appellant averred in affidavit that he is a truck driver, and he never received notice that he must reclaim his truck within 10 days. He averred, however, that had he received notice, he would have signed for it and made arrangements to reclaim the truck. There is no dispute that certified mail notice to appellant was returned unclaimed.[1]
 {¶ 20} In its order, the trial court defined "abandoned property" and "stolen property" and found that, because appellant had some responsibility for the abandonment of the vehicle, R.C. 4513.61 would apply. The trial court further found that, because the APD properly followed the procedures set forth in the statute, notwithstanding the actual failure of notice to appellant, the truck was properly declared abandoned. Based on that reasoning, the trial court denied appellant's motion for summary judgment, granted appellee's motion for summary judgment, declared appellant to be the owner of the truck, and ordered the BMV to register the title accordingly.
 {¶ 21} R.C. 4513.61 does not define the term "abandoned vehicle," other than to establish a threshold time period of 48 hours, during which the vehicle must be left on public property. Because the statute fails to define the term, this Court must look to the common, everyday meaning of the term to determine its meaning. State ex rel. Celebrezze v. AllenCty. Bd. Of Commrs. (1987), 32 Ohio St.3d 24, 27.
 {¶ 22} Black's Law Dictionary (7 Ed. 1999) 1 defines "abandonment" as "[t]he relinquishing of a right or interest with the intention of never again claiming it." "Abandoned property" is defined as "[p]roperty that the owner voluntarily surrenders, relinquishes, or disclaims." Id. at 1233. The Doughman court held that "[a]bandoned property then is property over which the owner has relinquished all right, title, claim, and possession with the intention of not reclaiming it or resuming its ownership, possession or enjoyment." Doughman, 42 Ohio App.3d at 21. "Stolen property," on the other hand, is "[g]oods acquired by larceny, robbery, or theft." Black's Law Dictionary (7 Ed. 1999) 1432.
 {¶ 23} In this case, the only evidence appellee presented regarding the status of the truck was his affidavit that he relied on the APD's determination that the truck had not been reported as stolen and the department's unclaimed and abandoned junk motor vehicle affidavit asserting compliance with the requirements of R.C. 4513.60 through 4513.63. This Court finds that such evidence was sufficient to find that appellee met the threshold Dresher burden.
 {¶ 24} Viewing the facts in the light most favorable to appellant, i.e., the non-moving party, this Court finds that appellant met his reciprocal burden of responding by setting forth specific facts to overcome appellee's evidence. Appellant averred in affidavit that he loaned his truck to a new acquaintance for a specific limited purpose. Appellant further averred regarding the efforts he made to report that the truck had been stolen, after the acquaintance exceeded that limited authority. Both appellee and appellant further stipulated to appellant's efforts. In addition, as noted in Exhibit B, attached to the parties' amended stipulation of facts, the APD documented the "unauthorized use of a motor vehicle" in regard to the truck, which offense is categorized as a theft offense.
 {¶ 25} Under the circumstances, this Court finds that there is no genuine issue of material fact, and that appellant is entitled to judgment as a matter of law. Appellant presented sufficient evidence to establish that it was not his intent to have relinquished all rights, title or claim to ownership of the truck, thereby overcoming appellee's evidence and meeting his own Dresher burden. Moreover, appellee presented no further evidence to rebut appellant's evidence that he had not relinquished his claim to the truck or that he would have reclaimed the truck had he received notice of its impending disposal. Appellee's attempt to bootstrap the APD's assertion of compliance with the statutory notice provision to a finding that the truck was, in fact, abandoned is insufficient to overcome appellant's evidence to the contrary, especially in light of the APD's failure to actually effect notice to appellant.
 {¶ 26} This is a case where appellant's truck was stolen, then abandoned by a thief, at the time of its removal and disposal. Consequently, because this Court finds that appellant's truck was stolen, rather than abandoned, the removal and disposal provisions of R.C. 4513.61 were inapplicable. Because R.C. 4513.61 was not applicable to permit removal and disposal of the 1998 Toyota Tacoma truck, the trial court erred by declaring appellee to be the owner of truck and by ordering the BMV to register the title to the vehicle in appellee's name.
 {¶ 27} In light of the above facts and applicable law, this Court finds that summary judgment was improperly granted in favor of appellee and denied as against appellant. Appellant's assignment of error is sustained.
 III. {¶ 28} Appellant's assignment of error is sustained. Accordingly, the order of the Summit County Court of Common Pleas is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Batchelder, J. Concurs.
[1] Appellant does not assign as error the issue of defective notice; and this Court, therefore, does not address the issue. We leave for another day the determination whether the language pursuant to R.C. 4513.61
requiring that notice be sent by certified mail, with return receipt requested, is merely a perfunctory requirement or whether the language confers a right concomitant with the notion of due process.