STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee,

v.

ADVANCED IMPOUNDING AND RECOVERY SERVICES,
Ltd., d.b.a. A.I.R.S., Ltd., Appellant.

[Cite as *State Farm Mut. Auto. Ins. Co. v. Advanced Impounding
& Recovery Servs.*, 165 Ohio App.3d 718, 2006-Ohio-760.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–497.

Decided Feb. 21, 2006.

Lane, Alton & Horst, L.L.C., and Monica L. Waller, for appellee.

Burchinal & Associates and Christopher J. Burchinal, for appellant.

KLATT, Presiding Judge.

{¶ 1} Defendant-appellant, Advanced Impounding and Recovery Services, Ltd., d.b.a. A.I.R.S., Ltd. ("AIRS"), appeals from a judgment of the Franklin County Municipal Court granting summary judgment to plaintiff-appellee, State Farm Mutual Automobile Insurance Company. For the following reasons, we affirm that judgment in part and reverse it in part and remand the matter for further proceedings consistent with this opinion.

{¶ 2} On July 14, 2003, Sandra Biermacher reported to the Columbus Police Department ("CPD") that her car had been stolen from a shopping-plaza parking lot on Westerville Road. She also notified her automobile insurance company, State Farm. That same day, AIRS towed a car (which turned out to be Biermacher's) from a portion of the same parking lot that was marked as a private tow-away zone in accordance with R.C. 4513.60. Because neither State Farm nor Biermacher were aware that the car had been towed, State Farm ultimately paid Biermacher $4,340 for the loss of the car and obtained title to the car. Shortly thereafter, a State Farm claims representative sent the CPD a letter requesting that CPD notify him if they recovered the car.

{¶ 3} Five months later, AIRS still had the car. After checking with the Bureau of Motor Vehicles, AIRS determined that the car was titled to State

Farm. Therefore, AIRS notified State Farm that it had towed the car from a private tow-away zone. AIRS further informed State Farm that it had impounded the car and that State Farm had 15 days to claim the car or AIRS would proceed with legal action to protect its interest, including filing for title to the car pursuant to Ohio law. Finally, AIRS informed State Farm that the total fee due to recover the car was $2,407 plus tax. That amount included impound and filing fees as well as a $12 per day storage fee.

{¶ 4} On January 30, 2004, counsel for State Farm faxed a letter to AIRS's attorney that disputed AIRS's right to the claimed fees. State Farm asked AIRS to release the car and offered to pay AIRS's fees from the time that State Farm learned that AIRS had the car, January 27, 2004, to the time that State Farm mailed the letter on January 30. AIRS's counsel informed State Farm that it would not release the car unless State Farm paid the towing, impound, and storage fees. Six days later, AIRS's managing member filed for an abandoned-car title pursuant to R.C. 4505.101. AIRS obtained title to the car one week later.

{¶ 5} As a result, State Farm filed a complaint alleging that AIRS had converted the car. AIRS denied liability and asserted a counterclaim against State Farm and a claim against Biermacher[1] for its storage and towing fees. R.C. 4513.60(E). Both State Farm and AIRS moved for summary judgment on their claims. The trial court ruled that AIRS did not legally obtain title to the car pursuant to R.C. 4505.101. Therefore, AIRS was liable to State Farm for conversion as a matter of law. Accordingly, the trial court granted summary judgment to State Farm and awarded it damages in the amount of $4,340, which is the amount State Farm paid Biermacher on her claim in exchange for title to the car. The trial court also ruled in favor of State Farm on AIRS's motion for summary judgment for storage and towing fees. The trial court determined that AIRS was not entitled to storage and towing fees, because the car had been stolen.

{¶ 6} AIRS appeals, assigning the following errors:

Assignment of Error No. 1:

The trial court erred to the prejudice of appellant Advanced Impounding and Recovery Services, Ltd. dba A.I.R.S., Ltd. In granting summary judgment in favor of State Farm Mutual Automobile Insurance Company since State Farm was not entitled to summary judgment under Civil Rule 56 because genuine issues of material fact were presented for determination by the jury.

Assignment of Error No. 2:

---

1. Biermacher has not been served in this case and is not a party.

The trial court erred to the prejudice of appellant Advanced Impounding and Recovery Services, Ltd. dba A.I.R.S., Ltd. In granting summary judgment in favor of State Farm Mutual Automobile Insurance Company since State Farm was not entitled to judgment as a matter of law.

Assignment of Error No. 3:

The trial court's action in granting the motion for summary judgment of State Farm Mutual Automobile Insurance Company abridged the constitutional right of the appellant to a jury trial guaranteed by Article I, Section 5 of the Ohio Constitution and the Seventh Amendment to the U.S. Constitution.

Assignment of Error No. 4:

The trial court's action in granting the motion for summary judgment of State Farm Mutual Automobile Insurance Company abridged the constitutional right of the appellant to a remedy and to justice as guaranteed by Article I, Section 16 of the Ohio Constitution.

{¶ 7} AIRS contends in its first and second assignments of error that the trial court improperly awarded summary judgment in State Farm's favor.

{¶ 8} Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

{¶ 9} The trial court granted State Farm summary judgment on its conversion claim against AIRS. "Conversion" "is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172. This definition can be broken down into three basic elements: (1) a defendant's exercise of dominion or control (2) over a plaintiff's property (3) in a manner inconsistent with the plaintiff's rights of ownership. *Cozmyk Ent., Inc. v. Hoy* (June 30, 1997), Franklin App. No. 96APE10–1380, 1997 WL 358816. If a defendant comes into possession of property lawfully, a plaintiff must prove two additional elements to establish conversion: (1) that it demanded the return of the property after the

defendant exercised dominion or control over the property and (2) that the defendant refused to deliver the property to the plaintiff. *Tolson v. Triangle Real Estate,* Franklin App. No. 03AP–715, 2004-Ohio-2640, 2004 WL 1157473, at ¶ 17, citing *Ohio Tel. Equip. & Sales, Inc. v. Hadler Realty Co.* (1985), 24 Ohio App.3d 91, 93, 24 OBR 160, 493 N.E.2d 289; see, also, *Kitchen v. Welsh Ohio, L.L.C.* (June 12, 2001), Franklin App. No. 00AP–1256, 2001 WL 641133. AIRS argues that it properly obtained title to the car pursuant to R.C. 4501.101. We disagree.

{¶ 10} R.C. 4501.101 addresses certificates of title for abandoned vehicles. The statute applies to vehicles left unclaimed in a repair garage or place of storage "following completion of the requested repair or the agreed term of storage." R.C. 4505.101(A). Neither Biermacher nor State Farm requested repairs from AIRS or agreed to a term of storage for the car. *Team Fleet Financing Corp. v. Mike Kaeser Auto Body & Sales, Inc.* (Apr. 14, 2000), Hamilton App. No. C–990630, 2000 WL 376430. Therefore, R.C. 4505.101 is inapplicable.

{¶ 11} Additionally, State Farm's refusal to pay AIRS all of its requested fees does not demonstrate that State Farm abandoned the car. An abandonment is the " 'relinquishing of a right or interest with the intention of never again claiming it.' " *Labay v. Caltrider,* Summit App. No. 22233, 2005-Ohio-1282, 2005 WL 662940, at ¶ 22, quoting Black's Law Dictionary (7th Ed. 1999) 1. State Farm did not demonstrate an intent to forever relinquish its right to the car. In fact, State Farm requested the car's return and offered to pay AIRS some of its fees, but only fees accruing from the time it learned that AIRS had the car. This was not an unreasonable demand. *Team Fleet,* supra (not reasonable for towing company to expect car's owner to pay for storage fees incurred before owner knew location of the car). AIRS knew that State Farm was attempting to reclaim the car. Nevertheless, AIRS proceeded to obtain title to the car as if it had been abandoned. R.C. 4501.101 does not apply to the facts of this case, and AIRS improperly used this statutory mechanism to obtain title to State Farm's car. Id.

{¶ 12} By improperly obtaining title to the car, AIRS wrongfully exercised control of State Farm's property in a manner inconsistent with State Farm's rights. Id. Therefore, the trial court properly granted summary judgment in State Farm's favor on its claim for conversion.

■■ {¶ 13} The measure of damages in a conversion action is the value of the converted property at the time it was converted. *Tabar v. Charlie's Towing Serv., Inc.* (1994), 97 Ohio App.3d 423, 427–428, 646 N.E.2d 1132. The trial court awarded State Farm $4,340 in damages on its conversion claim. That is the amount State Farm paid Biermacher, its insured, in exchange for title to the car. State Farm presented an affidavit from one of its claims representatives who

stated that "at the time Ms. Biermacher made the claim, it was determined that her vehicle was worth $4,340." However, there is no evidence in the record reflecting the value of the car at the time of the conversion—which was more than six months after Ms. Biermacher made the claim. Given the lack of any evidence in the record indicating the value of the car at the time of the conversion, the trial court erred in awarding damages in the amount of $4,340 on summary judgment.[2]

▇ {¶ 14} The trial court also granted summary judgment in State Farm's favor on AIRS's claims for towing fees pursuant to R.C. 4513.60. R.C. 4513.60 allows a car to be towed if it is parked in a private tow-away zone. R.C. 4513.60(B)(2). The statute also allows the towing company to charge a towing and storage fee that must be paid before the car owner may claim the car. R.C. 4513.60(E). However, this statute does not apply to stolen cars. *Doughman v. Long* (1987), 42 Ohio App.3d 17, 21, 536 N.E.2d 394; *Labay*, supra, 2005 WL 662940, at ¶ 14. The trial court ruled that AIRS was not entitled to a towing and storage fee, because the car had been stolen. However, the record reflects material issues of fact as to whether the car had actually been stolen.

{¶ 15} Biermacher reported that her car was stolen from a shopping plaza parking lot. The managing member of AIRS, Selena Poling, stated in her affidavit that Biermacher's car was parked in a private tow-away zone in a shopping plaza parking lot and that her company towed the illegally parked car from the lot. Police records indicate that Biermacher reported her car stolen from the same parking lot on which AIRS claims the car was illegally parked. At a minimum, this evidence creates a question of material fact as to whether the car was stolen and then returned to the same parking lot, or whether Biermacher parked her car in a marked tow-away zone and AIRS towed it from that spot.

{¶ 16} State Farm contends that Poling's affidavit should be disregarded because she could not have personal knowledge of the facts alleged in the affidavit. Civ.R. 56(E). We disagree. Her affidavit represents that the statements contained therein are based on her personal knowledge. State Farm provides no basis in this record for rejecting Poling's affidavit as a matter of law. See *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 27–28 (disregarding affidavit that claimed to be made with personal knowledge when affiant's deposition revealed that affiant actually

---

2. We note that AIRS disputed the value of the car, arguing that the NADA book value was substantially less than the amount State Farm paid Ms. Biermacher to settle her claim. AIRS attached to its motion for summary judgment an unauthenticated copy of the relevant NADA page. The trial court did not mention the NADA value in its decision. Therefore, it is unclear whether the trial court considered the NADA value and rejected it, or whether the trial court refused to consider it because the NADA manual pages AIRS attached were unauthenticated.

lacked personal knowledge); *Kasarda v. Nelson Tree Serv., Inc.* (Sept. 25, 2001), Stark App. No. 2001CA00009, 2001 WL 1194327 (reviewing deposition to determine whether affiant actually possessed personal knowledge of facts within affidavit). Without any basis to reject Poling's assertion of personal knowledge, we will not disregard her affidavit. Therefore, the trial court erroneously granted State Farm summary judgment on AIRS's counterclaim for storage and towing fees because there is a genuine issue of material fact as to whether or not the car was stolen.

{¶ 17} Thus, summarizing our ruling with respect to AIRS's first and second assignments of error, the trial court properly granted summary judgment to State Farm on its conversion claim against AIRS. The trial court improperly awarded damages to State Farm on its conversion claim and improperly granted it summary judgment on AIRS's counterclaim. Accordingly, AIRS's first and second assignments of error are sustained in part and overruled in part.

{¶ 18} AIRS's third and fourth assignments of error address the constitutionality of summary-judgment proceedings in the trial court. AIRS claims that the trial court's award of summary judgment in this case violated its constitutional rights to a jury trial and to a remedy, as provided by the Ohio Constitution. Section 5, Article I, of the Ohio Constitution guarantees that the right of trial by jury "shall be inviolate." Section 16, Article I, of the Ohio Constitution provides, "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

{¶ 19} A trial court's proper grant of summary judgment does not violate either of these constitutional provisions. See *Tschantz v. Ferguson* (1994), 97 Ohio App.3d 693, 713, 647 N.E.2d 507 (right to jury trial not violated by proper grant of summary judgment), citing *Houk v. Ross* (1973), 34 Ohio St.2d 77, 83–84, 63 O.O.2d 119, 296 N.E.2d 266; *Vorhees v. Jovingo,* Athens App. Nos. 04CA16, 04CA17 and 04CA18, 2005-Ohio-4948, 2005 WL 2292796, at ¶ 48–49 (right to jury trial and right to remedy). AIRS's third and fourth assignments of error are overruled to the extent that the trial court properly granted summary judgment in this case. Id.; *Barstow v. Waller,* Hocking App. No. 04CA5, 2004-Ohio-5746, 2004 WL 2427396, at ¶ 53. To the extent that we have reversed and remanded the trial court's summary judgment award, these issues are moot.

{¶ 20} In conclusion, AIRS's first and second assignments of error are overruled in part and sustained in part. AIRS's third and fourth assignments of error are overruled as moot. The judgment of the Franklin County Municipal

Court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

FRENCH and MCGRATH, JJ., concur.