OPINION
{¶ 1} Plaintiff-appellant, Steven Heskett, Jr., appeals from a judgment of the Franklin County Court of Common Pleas that granted summary judgment in favor of defendants-appellees, Steve Coffman and Coffman Financial Services, Inc. For the following reasons, we affirm the judgment of the common pleas court.
 {¶ 2} On August 8, 2002, in the Franklin County Court of Common Pleas, Steven Heskett, Jr., Heskett Land Development Company, L.L.C., and Madonna Heskett (collectively "plaintiffs") sued Van Horn Title Agency, Inc., Janice Van Horn of Van Horn Title Agency, Inc., in her individual capacity or representative capacity, or both, Ohio Bar and Title Insurance Company, Stewart Title Guaranty Company, Coffman Financial Services, Inc., and Steve Coffman of Coffman Financial Services, Inc., in his individual capacity or representative capacity, or both.
 {¶ 3} In their complaint, plaintiffs asserted five claims, alleging: (1) breach of contract; (2) negligence; (3) fraud; (4) failure to perform insurance obligations by defendants Van Horn Title Agency, Janice Van Horn, Ohio Bar and Title Insurance Company, and Stewart Title Guaranty Company; and (5) defamation of character.[1]
 {¶ 4} After defendants Van Horn Title Agency, Janice Van Horn, Ohio Bar and Title Insurance Company, Coffman Financial Services, Inc., and Steve Coffman answered plaintiffs' complaint, plaintiffs moved for leave to amend their complaint. The trial court did not issue a ruling as to this motion by plaintiffs. We therefore presume that the court overruled this motion.[2]
 {¶ 5} Among the allegations in plaintiffs' complaint, plaintiffs alleged that defendants incorrectly prepared documents related to the sale of a parcel of land in Woodland Heights subdivision, Nelsonville, Ohio. According to plaintiffs, a deed from Madonna Heskett to her son, Scott Heskett, and her daughter-in-law, Susan Heskett, was incorrectly prepared because it conveyed an entire parcel of land, instead of a portion of the parcel that Madonna Heskett intended to convey. Although the error was discovered at the time of closing, Madonna Heskett nonetheless proceeded with the property transfer after purportedly having been assured by an attorney that this error would be corrected at a later time. When plaintiffs later sought a wraparound mortgage for all of their property a few months after Madonna Heskett's conveyance of property to Scott Heskett and Susan Heskett, plaintiffs discovered that the deed still had not been corrected. Subsequently, in an action against Scott Heskett involving the real estate at issue, a judgment against Scott Heskett was obtained.
 {¶ 6} Claiming that plaintiffs failed to state a claim upon which relief could be granted, Stewart Title Company moved the trial court to dismiss plaintiffs' claims against it. Pursuant to Civ. R. 41(A), plaintiffs subsequently dismissed without prejudice Stewart Title Company.
 {¶ 7} Following plaintiffs' dismissal without prejudice of defendant Stewart Title Company, plaintiffs and defendants Janice Van Horn, Van Horn Title Agency, Inc., and Ohio Bar and Title Insurance Company reached an amicable resolution concerning plaintiffs' claims against these defendants. After these parties informed the trial court that they had reached an amicable resolution, the trial court dismissed with prejudice plaintiffs' complaint as to these defendants "without record except to this Entry[.]"[3]
 {¶ 8} Following dismissal of defendants Janice Van Horn, Van Horn Title Agency, Inc., and Ohio Bar and Title Insurance Company, defendants Steve Coffman and Coffman Financial Services, Inc. (collectively "Coffman defendants") moved for summary judgment. Finding that the Coffman defendants were entitled to judgment as a matter of law, the trial court granted their motion for summary judgment. From this judgment, plaintiff Steven Heskett, Jr. now appeals[4] and assigns a single error for our consideration: "The trial court erred in granting summary judgment to the appellee [sic]."
 {¶ 9} Appellate review of a lower court's granting of summary judgment is de novo. Mitnaul v. Fairmount Presbyterian Church,149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. "`De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial.'" Id., quoting Brewer v. Cleveland CitySchools (1997), 122 Ohio App.3d 378, citing Dupler v. Mansfield JournalCo., Inc. (1980), 64 Ohio St.2d 116, 119-120, certiorari denied (1981),452 U.S. 962, 101 S.Ct. 3111. Because summary judgment is a procedural device to terminate litigation, it must be awarded with caution.Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau (2000),88 Ohio St.3d 292, 300, citing Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 10} Summary judgment is proper when a movant for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ. R. 56; State ex rel. Grady v. State Emp. Relations Bd.
(1997), 78 Ohio St.3d 181, 183.
 {¶ 11} Under Civ. R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion for summary judgment and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ. R. 56, with specific facts showing that a genuine issue exists for trial. Dresher, at 293; Vahila v. Hall (1997),77 Ohio St.3d 421, 430; Civ. R. 56(E).
 {¶ 12} Among the claims against the Coffman defendants, plaintiffs assert a breach of contract claim. In granting summary judgment in favor of the Coffman defendants, the trial court found that plaintiffs failed to satisfy their burden of demonstrating an issue of material fact concerning the existence of a contract.
 {¶ 13} Relying upon a financial agreement between Heskett Construction and Coffman Financial Services dated May 1, 2000, that was appended to a memorandum opposing the Coffman defendants' motion for summary judgment, plaintiffs claim that the Coffman defendants are liable for breach of contract. This financial agreement provided:
 It is agreed that Heskett Construction (a builder/developer, located in Nelsonville, Ohio) has enlisted Coffman Financial Services (a mortgage company, located in New Lexington, Ohio) as exclusive agent to secure current and future financing for their planned communities in Nelsonville, Ohio.
 Coffman Financial will provide initial financing for the purchase and development of the properties. The company will also arrange long term financing for clients seeking to purchase homes or property in the communities.
 /s/ Steve Heskett 5-1-2000
 Steve Heskett
 Owner, Heskett Construction
 /s/ Steve Coffman 5/1/00
 Steve Coffman
 Owner, Coffman Financial Services
 {¶ 14} Under Ohio law, only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract.Grant Thornton v. Windsor House, Inc. (1991), 57 Ohio St.3d 158, 161, rehearing denied, 59 Ohio St.3d 701, certiorari denied, 502 U.S. 822,112 S.Ct. 84, citing Visintine Co. v. New York, Chicago, St. LouisRR. Co. (1959), 169 Ohio St. 505; see, also, Sony Electronics, Inc. v.Grass Valley Group, Inc. (Mar. 22, 2002), Hamilton App. No. C-010133. InSony Electronics, the court stated:
 * * * For a third-party beneficiary to be an intended beneficiary, the contract must have been entered into directly or primarily for the benefit of that person. If the third party receives an incidental or an indirect benefit, this is not sufficient to provide it with a cause of action. [T]he mere conferring of some benefit on the supposed beneficiary by the performance of a particular promise in a contract [is] insufficient; rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary.
Id. (Footnotes omitted.)
 {¶ 15} Here, according to the plain language of the financial agreement, plaintiffs are not parties to the agreement with Coffman Financial Services, Inc. Rather, Heskett Construction, which is not a plaintiff in the present matter, contracted with Coffman Financial Services, Inc. For plaintiffs to prevail under a breach of contract claim as to this financial agreement, plaintiffs therefore must be intended third-party beneficiaries under the contract. See GrantThornton, at 161. Although plaintiffs may have received some indirect benefit from this financial agreement, construing the evidence in favor of plaintiffs, we cannot conclude that plaintiffs were intended third-party beneficiaries of the financial agreement between Heskett Construction and Coffman Financial Services, Inc. We therefore conclude that plaintiffs failed to satisfy their burden of demonstrating an issue of material fact concerning the existence of a contract between plaintiffs and the Coffman defendants. We also conclude that the common pleas court did not err by granting summary judgment in favor of the Coffman defendants regarding plaintiffs' breach of contract claim against the Coffman defendants.
 {¶ 16} Additionally, plaintiffs assert a negligence claim against these defendants. Negligence may be defined as "[t]he failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation; any conduct that falls below the legal standard established to protect others against unreasonable risk of harm, except for conduct that is intentionally, wantonly, or willfully disregardful of others' rights." Black's Law Dictionary (8Ed.Rev.2004) 1061.
 {¶ 17} To establish actionable negligence, a party seeking recovery must demonstrate by a preponderance of the evidence the existence of a duty, the breach of the duty, and injury resulting proximately from the breach of the duty. Strother v. Hutchinson (1981), 67 Ohio St.2d 282,285, citing Feldman v. Howard (1967), 10 Ohio St.2d 189, 193; Ford v.Ohio Dept. of Rehab. Corr, Franklin App. No. 05AP-357, 2006-Ohio-2531, at ¶ 10.
 {¶ 18} Under Civ. R. 56, for the Coffman defendants to prevail in their motion for summary judgment as to plaintiffs' negligence claim, they must demonstrate that: (1) no genuine issue of material fact remains to be litigated as to plaintiffs' negligence claim; (2) the Coffman defendants are entitled to judgment as a matter of law; and (3) construing the evidence most strongly in plaintiff's favor, reasonable minds could come to but one conclusion, namely, that these defendants did not act negligently toward plaintiff. See Civ. R. 56; Grady, supra, at 183.
 {¶ 19} Conversely, for plaintiffs to prevail against the Coffman defendants' motion for summary judgment, plaintiffs must first identify the extent of the duty that the Coffman defendants owed to plaintiffs, and the evidence must be sufficient, when considered most favorably to plaintiffs, to allow reasonable minds to infer that the Coffman defendants breached a duty of care and that breach of this duty constituted the proximate cause of plaintiffs' injury. Eannottie v.Carriage Inn of Steubenville, 155 Ohio App.3d 57, 2003-Ohio-5310, at ¶ 31, citing Sanders v. Anthony Allega Contrs. (Dec. 30, 1999), Cuyahoga App. No. 74953, citing Feichtner v. Cleveland (1994),95 Ohio App.3d 388, 394, appeal not allowed, 70 Ohio St.3d 1476, reconsideration denied, 71 Ohio St.3d 1424. See, also, Mueller v. Ameritrust Corp. (July 18, 1991), Cuyahoga App. No. 58525.
 {¶ 20} Here, according to the evidence, Peter F.J. Beagle, Esq., not Coffman Financial Services, Inc. or Steve Coffman, prepared the deed that conveyed property from Madonna Heskett to Scott Heskett and Susan Heskett. Also, according to the evidence, Steve Coffman is a mortgage broker, and Coffman Financial Services, Inc. is a mortgage brokerage, not a title agency. Under such facts, even construing the evidence most favorably in plaintiffs' favor, we find that reasonable minds could come to but one conclusion, namely, that the Coffman defendants did not prepare the deed at issue. We therefore cannot conclude that these defendants acted with negligence as to the preparation of this deed.
 {¶ 21} Furthermore, although Steve Coffman purportedly gave assurances that the deed from Madonna Heskett to her son and daughter-in-law would be corrected, even construing this evidence in favor of plaintiffs, we cannot conclude that Steve Coffman's assurances are tantamount to the undertaking of a specific duty to correct the deed that he did not prepare. Accordingly, for these reasons and construing the evidence in favor of plaintiffs, we conclude that the common pleas court did not err by granting summary judgment in favor of the Coffman defendants as to plaintiffs' negligence claim against these defendants.
 {¶ 22} Besides claiming that the Coffman defendants breached a contract and acted negligently, plaintiffs also claim that the Coffman defendants acted fraudulently toward plaintiffs. Among the allegations in their complaint, plaintiffs alleged that: "[D]efendants Steve Cauffman [sic] and Cauffman [sic] Financial Services, Inc. coerced plaintiffs into payment of Ten Thousand Dollars ($10,000.00) which sum was supposedly to be paid to cure all of the defects aforesaid and to settle all claims against plaintiffs, but was instead retained by said defendants and not distributed as promised, all without the knowledge or consent of plaintiffs."[5] Plaintiffs further alleged: "At the time that each defendants [sic] took plaintiffs' payments and guaranteed title and/or proper preparation of closing documents and/or other action each defendant knew that they would not provide or perform the same."[6]
 {¶ 23} In Morrison v. Skestos, Franklin App. No. 04AP-244,2004-Ohio-6985, this court explained:
 An action sounding in fraud must set forth the following elements in the complaint: (1) a representation, or concealment where there is a duty to disclose; (2) which is material to the transaction at issue; (3) made falsely, with knowledge of or reckless disregard as to its falsity; (4) with the intent of misleading another into relying on it; (5) justifiable reliance upon the misrepresentation or concealment; and (6) resulting injury proximately caused by the reliance. Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus; Rose, at 743-744; Korodi, supra. Civ. R. 9(B) requires that the allegations in an action sounding in fraud be pleaded with particularity.
Id. at ¶ 17. See, also, Rodgers v. Custom Coach Corp. (June 22, 2000), Franklin App. No. 99AP-1167, quoting Carter-Jones Lumber Co. v.Denune (1999), 132 Ohio App.3d 430, 434, appeal not allowed,86 Ohio St.3d 1443.
 {¶ 24} Here, plaintiffs have failed to plead with particularity (1) a representation, or concealment by Steve Coffman or Coffman Financial Services, Inc., or both, where these defendants had a duty to disclose; (2) which is material to the transaction at issue; (3) made falsely, with knowledge of or reckless disregard as to its falsity; (4) with the intent of misleading plaintiffs into relying on it; (5) justifiable reliance upon the misrepresentation or concealment; and (6) resulting injury proximately caused by the reliance.
 {¶ 25} Furthermore, construing the evidence in favor of plaintiffs, we find the evidence does not support a finding that the Coffman defendants made a promise of future action, and at the time of making such a representation, the Coffman defendants did not intend to keep the promise of future action. See Rodgers, supra (explaining that a claim of fraud cannot be predicated upon promises relating to future actions, except for promises of future action by a person who, at the time of making such promises, has no intention of keeping such promise).
 {¶ 26} Moreover, as to plaintiffs' claims that the Coffman defendants retained $10,000 by coercion and failed to "cure all of the defects aforesaid and to settle all claims against plaintiffs," as promised, construing the evidence in favor of plaintiffs, we do not find the evidence, including the deposition testimony of Steve Coffman in a different action, supports such a claim. Neither are we aware of "coercion" as a cognizable civil cause of action. Cf. R.C. 2905.12
(defining the crime of "coercion," a misdemeanor of the second degree).
 {¶ 27} Finally, although plaintiffs suggest that the Coffman defendants wrongfully exercised dominion over their property by improperly retaining $10,000, plaintiffs have not alleged conversion as a cause of action against the Coffman defendants. See, generally,State Farm Mut. Auto. Ins. Co. v. Advanced Impounding and RecoveryServs., 165 Ohio App.3d 718, 2006-Ohio-760, at ¶ 9, quoting Joyce v.Gen. Motors Corp. (1990), 49 Ohio St.3d 93, 96, rehearing denied,50 Ohio St.3d 709 (defining "conversion" as "`the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights'"). Absent a claim of conversion by plaintiffs in their complaint, we do not consider such a claim here.
 {¶ 28} Accordingly, for the foregoing reasons, we cannot conclude that the common pleas court erred by granting summary judgment in favor of the Coffman defendants as to plaintiffs' claim of fraud.
 {¶ 29} Besides asserting a breach of contract claim, a negligence claim, and a fraud claim against the Coffman defendants, plaintiffs also assert a defamation claim against the Coffman defendants. "In Ohio, defamation is a false statement published by a defendant acting with the required degree of fault that injures a person's reputation, exposes the person to public hatred, contempt, ridicule, shame or disgrace, or adversely affects the person's profession." Burns v. Rice,157 Ohio App.3d 620, 2004-Ohio-3228, at ¶ 19, appeal not allowed,103 Ohio St.3d 1495, 2004-Ohio-5605, citing A B-Abell Elevator Co., Inc. v.Columbus/Central Ohio Bldg. Constr. Trades Council (1995),73 Ohio St.3d 1, 7; Cooke v. United Dairy Farmers, Inc., Franklin App. No. 02AP-781, 2003-Ohio-3118, at ¶ 24 (Lazarus, J., dissenting);Rountree v. WBNS TV, Inc. (Nov. 23, 1999), Franklin App. No. 98AP-1649.
 {¶ 30} Here, although plaintiffs claim the actions of the Coffman defendants have subjected plaintiffs to shame, ridicule, and humiliation among their peers and in both the community at large and the business community, we find no evidence of the kind required by Civ. R. 56 establishing that the Coffman defendants published false statements about plaintiffs. Therefore, we cannot conclude that the common pleas court erred by granting summary judgment in favor of the Coffman defendants as to plaintiffs' defamation claim.
 {¶ 31} Accordingly, based upon our de novo review, we hold that the common pleas court did not err by granting summary judgment in favor of the Coffman defendants as to plaintiffs' claims against these defendants. We therefore overrule plaintiff's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 KLATT, P.J., and TRAVIS, J., concur.
[1] Plaintiffs' complaint also arguably asserted as a cause of action a claim of "emotional and physical distress." However, plaintiffs later clarified:
 Plaintiffs have not made a separate claim of intentional infliction of emotional distress. They also are not claiming emotional distress from injury to property. Their claim for emotional distress is merely as an element of damages for fraud, breach of contract, negligence and defamation * * * ."
(Plaintiffs' Memorandum Contra Defendants' Steve Cauffman [sic] and Cauffman [sic] Financial Services, Inc. Motion For Summary Judgment, filed December 2, 2005, at 10-11.)
[2] See Kostelnik v. Helper, 96 Ohio St.3d 1, 2002-Ohio-2985, at ¶ 13, reconsideration denied, 96 Ohio St.3d 1489, 2002-Ohio-4478, citingState ex rel. V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469 (stating that "[a] motion not expressly decided by a trial court when the case is concluded is ordinarily presumed to have been overruled"); Portofe v.Portofe, 153 Ohio App.3d 207, 2003-Ohio-3469, at ¶ 16. Here, because the trial court did not expressly enter a ruling as to plaintiffs' motion for leave to amend their complaint, we presume that the trial court overruled this motion. Such a presumption also is supported by the court's judgment that referred to plaintiffs' complaint, not plaintiffs' amended complaint. But, see, Civ. R. 15(A) (amended and supplemental pleadings) (providing that leave of court to amend a pleading "shall be freely given when justice so requires").
[3] (June 7, 2004 Judgment Entry of Partial Dismissal.)
[4] Heskett Land Development Company, L.L.C., and Madonna Heskett, who were plaintiffs in the action before the common pleas court, are not appellants in the present appeal.
[5] (Complaint, at paragraph 11.)
[6] (Complaint, at paragraph 24.)