{¶ 22} I respectfully concur in part and dissent in part from the majority opinion. I concur with the majority's determination that genuine issues of material fact exist as to whether Hughley was acting as an agent for RC and Bevelacqua, and whether they may be liable for Hughley's tortious conduct. However, I dissent from the majority's finding that summary judgment was appropriate on appellant's remaining claims.
 {¶ 23} I believe the majority correctly determined that the evidence in this case presents genuine issues of material fact as to whether RC and Bevelacqua could be liable on the tort claims under an agency theory. Indeed, there was evidence that appellant met with Hughley at RC's lot, that she selected the *Page 14 
vehicle she purchased from vehicles shown to her on RC's lot, that RC was the titled owner of the vehicle she purchased, that Hughley had the keys to that vehicle, that appellant test drove the vehicle from RC's lot, and that she executed paperwork for the vehicle and paid for the vehicle at the premises of RC.
 {¶ 24} While the majority concludes that genuine issues of fact remain as to whether Hughley was acting as an agent for RC and Bevelacqua, and whether they may be liable for his tortious conduct, I believe the same holds true on the remaining claims. Although RC and Bevelacqua were not named parties to any written contract in connection with the purchase of the vehicle, they could be bound by the contract executed by Hughley under an agency theory, apparent or otherwise. Accordingly, I believe summary judgment should have been denied on all of appellant's claims against RC and Bevelacqua.
 {¶ 25} I also dissent from the majority's finding that summary judgment was appropriate on the claims against Atlas. In rejecting appellant's conversion claim, the majority relies upon the fact that appellant was not the titled owner to the vehicle. *Page 15 
 {¶ 26} The elements of conversion include "`(1) plaintiffs ownershipor right to possession of the property at the time of conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff s property rights; and (3) damages." Dream Makers v. Marshek, Cuyahoga App. No. 81249, 2002-Ohio-7069, quoting Haul Transport of Va., Inc. v.Morgan (June 2, 1995), Montgomery App. No. CA 14859 (emphasis added). Here, although the title had not been transferred to appellant, she certainly held a property right in the vehicle she purchased. Further, there was evidence that Atlas's representative, Irene Bogdan, was informed that appellant had purchased the vehicle.
 {¶ 27} Insofar as Atlas contends that appellant abandoned the vehicle, an abandonment is the "`relinquishing of a right or interest with the intention of never again claiming it.'" Labay v. Caltrider, Summit App. No. 22233, 2005-Ohio-1282, quoting Black's Law Dictionary (7th Ed. 1999). Here, there was evidence that appellant was in contact with Hughley and Judy Simone in an effort to get her money back. I believe this at least presents an issue of fact as to whether appellant had relinquished her interest in the vehicle as she was attempting to reach a resolution and obtain her money back, which potentially could have required a return of the vehicle.
 {¶ 28} There is also an issue as to whether Atlas legally obtained title pursuant to R.C. 4501.101, which addresses certificates of title for abandoned vehicles. The statute applies to vehicles left unclaimed in a repair or place of *Page 16 
storage "following completion of the requested repair or the agreed term of storage." Here, neither appellant nor RC requested Atlas to perform the repairs or agreed to a term of storage. The only service performed was diagnostic testing, at no charge, that revealed the transmission needed to be replaced. Thus, there is clearly a question as to the legitimacy of Atlas's title to the vehicle. See State Farm Mut. Auto.Ins. Co. v. Advanced Impounding and Recovery Servs., Ltd.,165 Ohio App.3d 718, 2006-Ohio-760 (finding impounding service improperly used R.C. 4505.101 to obtain title where there was no request for repairs or agreed-to storage and the evidence did not show an abandonment of the car).
 {¶ 29} Nevertheless, Atlas claims appellant made no demand for the vehicle back and did not interfere with Atlas's efforts to obtain title. The record reflects that Atlas sent the required notice under R.C. 4501.101(A) to RC as the titled owner of the vehicle. No such notice was provided to appellant, despite Atlas's apparent knowledge of her recent purchase of the vehicle. Also, this court has recognized: "Although a demand and a refusal to return the property is ordinarily necessary to prove conversion, acts by a defendant which are inconsistent with the right of the plaintiffs ownership are sufficient to satisfy this requirement." Tinter v. Lucik, 172 Ohio App.3d 692, 700,2007-Ohio-4437, *Page 17 
citing Ohio Tel. Equip. Sales, Inc. v. Hadler Realty Co. (1985),24 Ohio App.3d 91, 93.
 {¶ 30} Upon the record in this case, I believe that summary judgment should have been denied on appellant's conversion claim against Atlas, as well as her claim that Atlas violated the CSPA.
 {¶ 31} For the foregoing reasons, I would reverse the trial court's summary judgment rulings and remand the matter for further proceedings.