OPINION
{¶ 1} Plaintiff-appellant, Ronald J. Likes ("appellant") appeals from the judgment of the Ohio Court of Claims granting summary judgment in favor of defendant-appellee, the Ohio Department of Rehabilitation and Correction ("appellee").
 {¶ 2} Appellant is currently incarcerated at the Richland Correctional Institution. On November 29, 2004, appellant, pro se, filed a complaint for injunctive and declaratory relief alleging violations of various constitutional rights, and that he is being wrongfully incarcerated by appellee. The events leading up to appellant's filing of his complaint are as follows. On January 10, 2003, appellant was indicted on one count of aggravated robbery with a specification for having a firearm while committing the offense. Appellant entered a plea of guilty to aggravated robbery with a gun specification on March 17, 2003. Appellant was sentenced to four years for the aggravated robbery and three years for the gun specification, to run consecutively. The trial court filed a judgment entry reflecting this sentence on May 14, 2003. Said judgment entry was typed and contained some handwritten additions. Thereafter, on June 5, 2003, the trial court filed a nunc pro tunc judgment entry. The nunc pro tunc entry did not alter appellant's sentence, but merely incorporated the handwritten additions that were on the original entry. In other words, the entry was not altered, but put into a fully typewritten form. The language in the nunc pro tunc judgment entry states as follows:
The Court finds that the Defendant pled Guilty to Count I, Aggravated Robbery, with a gun specification, a violation of Ohio Revised Code Sections 2941.145(A) and 2911.01(A)(1), a felony of the first degree.
(June 5, 2003 Entry at 1-2.)
 {¶ 3} Appellee argued in its motion for summary judgment that appellant was properly incarcerated in accordance with a valid court entry. The Court of Claims found that it did not have jurisdiction over appellant's constitutional claims, and that there were no genuine issues of material fact regarding appellant's other claims. Therefore, the Court of Claims held that appellee was entitled to judgment as a matter of law, and, accordingly, entered judgment in favor of appellee. It is from this judgment that appellant appeals.
 {¶ 4} On appeal, appellant asserts the following assignment of error:
WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, CIVIL RULE 56(C) WHERE THERE CLEARLY EXISTED A GENUINE ISSUE OF MATERIAL FACT AND WHERE DEFENDANT WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 {¶ 5} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 6} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 65-66.
 {¶ 7} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The moving party may not fulfill its initial burden simply by making a conclusory assertion that the non-moving party has no evidence to prove its case. Id. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the non-moving party has no evidence to support the non-moving party's claims. Id. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Id. However, once the moving party satisfies its initial burden, the non-moving party bears the burden of offering specific facts showing that there is a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but, instead, must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Civ.R. 56(E); Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} Appellate review of summary judgments is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Midwest Specialties, Inc. v. Firestone Tire Rubber Co.
(1988), 42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. SeeDresher, supra; Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41-42.
 {¶ 9} To the extent that appellant is alleging a violation of his constitutional rights, it is clear that the Court of Claims does not possess jurisdiction to preside over such claims. The state has consented to be sued in the Court of Claims in accordance with the same rules applicable to private persons. Since a private party cannot be held liable for the constitutional claims contained in appellant's complaint, said claims are not within the jurisdiction of the Court of Claims.Gangale v. State Bur. of Motor Vehicles, Franklin App. No. 01AP-1406, 2002-Ohio-2936; Thompson v. Southern State Comm.College (June 15, 1989), Franklin App. No. 89AP-114; Bleicherv. Univ. of Cincinnati College of Med. (1992),78 Ohio App.3d 302 (claims of constitutional violations and due process are not within the jurisdiction of the Court of Claims). Thus, the trial court properly held that, to the extent appellant has raised constitutional claims in his complaint, it did not have jurisdiction over such claims.
 {¶ 10} Appellant argues that, because of the errors committed by the sentencing court, i.e., those allegedly surrounding the nunc pro tunc entry, said entry is void ab initio, and, therefore, he should be released by appellee because there is no lawful privilege to intentionally confine him. The elements of a claim for wrongful imprisonment are: (1) expiration of the lawful term of confinement; (2) intentional confinement after the expiration; and (3) knowledge that the privilege initially justifying the confinement no longer exists. Corder v. OhioDept. of Rehab. Corr. (1994), 94 Ohio App.3d 315, 318. However, "`an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void.'" Bennett v. Ohio Dept. of Rehab. Corr. (1991), 60 Ohio St.3d 107, 111, quoting Diehl v.Friester (1882), 37 Ohio St. 473, 475.
 {¶ 11} As discussed by the trial court, it is undisputed that appellant was convicted and sentenced to serve a four-year term and a three-year term, to run consecutively. Appellant has failed to provide any evidence that a genuine issue of material fact exists with respect to any procedural errors in his sentencing. While appellant correctly states that a criminal defendant has a right to be present at all critical stages of criminal proceedings, we note that such right is not absolute. The distinction is whether the proceeding is so critical that the defendant's absence results in a prejudicial error, thereby thwarting a fair and just hearing. State v. White (1998),82 Ohio St.3d 16, 26, certiorari denied, 525 U.S. 1057,119 S.Ct. 623, citing Snyder v. Massachusetts (1934), 291 U.S. 97, 108,54 S.Ct. 330. However, what is more important in the case sub judice is that the trial court's nunc pro tunc entry did not
alter, modify, or change appellant's sentence whatsoever. Thus, not only was there not a proceeding for which appellant was entitled to be present, he received a nunc pro tunc entry, which by its very nature contemplates that it will be issued without the presence of the parties.
 {¶ 12} Appellant also takes issue with a policy of appellee, specifically 52 RCP 01, which he attached to his complaint. Appellant argues that this policy provides that the record officer is charged with reviewing commitment papers to ensure that they are certified, valid, and accurate. Since appellant argues that his original sentencing entry was not valid and/or not accurate, it is appellant's position that appellee violated its own policy, and, therefore, he is entitled to release. Appellee, however, has provided evidence that not only was this policy put into effect after appellant was incarcerated, but this policy is no longer in effect. Further, even if this policy was applicable, appellant has failed to demonstrate any violation because it is clear that appellee was acting in accordance with a valid judgment entry, despite appellant's assertions to the contrary.
 {¶ 13} Upon review of the record, we find that appellant's claims for wrongful imprisonment fail as a matter of law, and, thus, the trial court was correct in granting summary judgment in favor of appellee.
 {¶ 14} For the foregoing reasons, we overrule appellant's single assignment of error, and the judgment of the Ohio Court of Claims is hereby affirmed.
Judgment affirmed.
Klatt, P.J., and Petree, J., concur.