OPINION
{¶ 1} Plaintiff-appellant, Kevin Bradley, appeals from a judgment of the Court of Claims of Ohio granting summary judgment to defendant-appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm that judgment in part, reverse in part, and remand the matter for further proceedings.
 {¶ 2} In 2001, appellant pled guilty in the Champaign County Court of Common Pleas to one count of theft and one count of failure to appear. The trial court sentenced *Page 2 
him to three years of community control with a number of conditions, including the completion of a treatment program. The trial court did not indicate a specific term of imprisonment it would impose if appellant violated his community control. Appellant failed to complete the treatment program, so the State moved to revoke appellant's community control. After a hearing, the trial court revoked appellant's community control and sentenced him to 28 months in prison. Appellant was placed in the custody of ODRC on February 7, 2002.
 {¶ 3} On appeal, the Second District Court of Appeals reversed appellant's prison sentence. The court reasoned that the trial court "lacked the authority to impose any prison sentence as a sanction for Bradley's community control violation * * *" because it never informed him of the specific sentence he would face for a community control violation as required by R.C. 2929.19(B)(5). State v. Bradley,151 Ohio App.3d 341, 2003-Ohio-216, at ¶ 14. The court remanded the matter for resentencing.
 {¶ 4} Subsequently, appellant filed the present lawsuit in the Court of Claims of Ohio. He claimed that as a result of the Champaign County Court of Common Pleas sentence, he was falsely imprisoned from February 7, 2002 until March 13, 2003, the day he was released from prison and placed on community control following the Bradley decision.
 {¶ 5} After each party submitted motions for summary judgment, appellant sought leave to amend his complaint to add two claims for declaratory judgment. Because appellant has since been reincarcerated for an unrelated offense, he sought a declaration that ODRC could not count his imprisonment from February 7, 2002 until March 13, 2003 *Page 3 
in determining his eligibility for certain prison programs.[1]
Appellant also claimed an entitlement to a $75 payment upon his release from prison.[2] The court of claims granted appellant leave to amend his complaint. ODRC filed another motion for summary judgment, claiming that it was also entitled to judgment as a matter of law on appellant's claims in his amended complaint.
 {¶ 6} A magistrate recommended that the court of claims grant ODRC's motions for summary judgment. The magistrate determined that ODRC could not be liable for false imprisonment because the Champaign County Court of Common Pleas' sentencing entry did not include any error on its face that would indicate it was invalid. Additionally, the magistrate determined that appellant's declaratory judgment claims addressed discretionary decisions made by the ODRC for which ODRC is immune from liability. The court of claims overruled appellant's objections and adopted the magistrate's decision.
 {¶ 7} Appellant appeals and assigns the following errors:
 FIRST ASSIGNMENT OF ERROR
 THE COURT OF CLAIMS ERRED IN GRANTING APPELLEE IMMUNITY BASED UPON THEIR PERFORMANCE OF A LEGAL DUTY TO CONFINE, WHERE THE OHIO LEGISLATURE EXPRESSLY ABOLISHED SUCH IMMUNITY THROUGH THE COURT OF CLAIMS ACT. *Page 4 
 SECOND ASSIGNMENT OF ERROR
 THE COURT OF CLAIMS VIOLATED THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL BY CONDUCTING ITS OWN INDEPENDENT REVIEW OF THE FEBRUARY 7, 2002 JOURNAL ENTRY AND DETERMINING THAT IT APPEARED TO BE VALID, WHEN THE COURT OF APPEALS HAD ALREADY REVIEWED THE SAME JUDGMENT AND SPECIFICALLY DETERMINED THAT THE JUDGMENT WAS UNAUTHORIZED AND INVALID.
 THIRD ASSIGNMENT OF ERROR
 THE COURT OF CLAIMS USURPED THE POWER OF THE COURT OF APPEALS AND THE OHIO SUPREME COURT BY CONDUCTING ITS OWN INDEPENDENT AND UNAUTHORIZED REVIEW OF THE TRIAL COURT'S JUDGMENT WHERE THE COURT OF APPEALS AND THE OHIO SUPREME COURT HAD ALREADY EXERCISED ITS JURISDICTION TO REVIEW SAID JUDGMENT AND DETERMINED THAT THE JUDGMENT WAS UNAUTHORIZED AS A MATTER OF LAW.
 FOURTH ASSIGNMENT OF ERROR
 THE COURT OF CLAIMS DENIED APPELLANT A REMEDY BY DUE COURSE OF LAW FOR THE INJURY DONE HIM IN HIS PERSON, PROPERTY, AND REPUTATION IN VIOLATION OF OHIO CONST. ART. I, SECTION 16, BY GRANTING THE DEFENDANT IMMUNITY WHERE THE COURT OF CLAIMS ACT ABOLISHED SUCH IMMUNITY AND WHERE NO SUCH IMMUNITY WOULD BE APPLICABLE TO PRIVATE PARTIES IN THE SAME CAUSE OF ACTION.
 FIFTH ASSIGNMENT OF ERROR
 THE COURT OF CLAIMS ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S CLAIM FOR A DECLARATORY JUDGMENT WITHOUT CONSIDERING A FAIR INTERPRETATION OF THE FACTUAL ALLEGATIONS SET FORTH IN THE COMPLAINT AND WITHOUT SETTING FORTH ANY CONSTRUCTION OF THE DOCUMENT OR LAW UNDER CONSIDERATION. *Page 5 
 {¶ 8} Appellant's appeal is from the court of claims' grant of summary judgment to ODRC. Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158,162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. StateEmp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 9} Appellant's first, second, and third assignments of error each address his claim for false imprisonment. Therefore, we will address these assignments of error together. Appellant's claim of false imprisonment is based on the Second District Court of Appeals' determination that the Champaign County Court of Common Pleas lacked authority to sentence him to prison. Bradley. Thus, he claims that the time he spent in prison as a result of the unlawfully imposed sentence constituted false imprisonment.
 {¶ 10} False imprisonment occurs when a person confines another intentionally "`without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" Bennett v.Ohio Dept. of Rehab. Corr (1991), 60 Ohio St.3d 107, 109, quotingFeliciano v. Krieger (1977), 50 Ohio St.2d 69, 71; Roberson v. OhioDept. of Rehab. Corr, Franklin App. No. 03AP-538, 2003-Ohio-6473, at ¶ 9. Pursuant to R.C. 2743.02(A)(1), the State may be held liable for false imprisonment. Id.; Bennett, *Page 6 
paragraph two of the syllabus. However, an action for false imprisonment cannot be maintained when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face. Id.; Fryerson v. Dept. of Rehab. Corr., Franklin App. No. 02AP-1216, 2003-Ohio-2730, at ¶ 17; Diehl v. Friester (1882),37 Ohio St. 473, 475.
 {¶ 11} Appellant first argues that the Court in Bennett abolished the State's immunity for claims of false imprisonment even though the imprisonment occurred pursuant to a judgment or order of a court. We disagree. Although the Bennett court held that R.C. 2743.48 abolished the State's immunity for "wrongfully imprisoned individuals," it reaffirmed the State's common law immunity for imprisonments imposed pursuant to facially valid judgments or orders. Bennett, at 111. Appellant is not a "wrongfully imprisoned individual" as that term is defined in R.C. 2743.48(A), nor did he bring a claim in this case pursuant to that statute. Therefore, Bennett does not support appellant's argument. Moreover, this court has consistently recognized the State's common law immunity for claims of false imprisonment when the plaintiff was incarcerated pursuant to a facially valid judgment or order. The State is immune from liability even though the facially valid judgment or order was later determined to be void. Roberson, at ¶ 9;Likes v. Ohio Dept. of Rehab. Corr., Franklin App. No. 05AP-709,2006-Ohio-231, at ¶ 10.
 {¶ 12} Next, appellant contends that the doctrine of collateral estoppel barred the court of claims from analyzing the facial validity of the sentencing entry because the Second District Court of Appeals already held that the sentencing entry was void. We disagree. *Page 7 
 {¶ 13} "[Collateral estoppel prevents parties from relitigating in a subsequent case facts and issues that were fully litigated in a previous case." State ex rel. Stacy v. Batavia Loc. School Dist. Bd. ofEdn., 97 Ohio St.3d 269, 2002-Ohio-6322, at ¶ 16. Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) where the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action. Thompson v. Wing (1994), 70 Ohio St.3d 176, 183; Kissinger v.Pavlus, Franklin App. No. 01AP-1203, 2002-Ohio-3083, at ¶ 10.
 {¶ 14} The Second District Court of Appeals in Bradley determined that the Champaign County Court of Common Pleas erred when it sentenced appellant to prison because it failed to inform him that it would impose such a sentence if appellant violated the terms of his community control. In the case at bar, the court of claims addressed a different issue. In order to determine ODRC's liability for false imprisonment, the court of claims reviewed the sentencing entry to determine whether the entry had any irregularities on its face that would suggest it was erroneous or void. Pilz v. Ohio Dept. of Rehab. Corr, Franklin App. No. 04AP-240, 2004-Ohio-4040, at ¶ 12.
 {¶ 15} Because the facial validity of appellant's sentencing entry was not the issue litigated in the Bradley case, collateral estoppel did not bar the court of claims from deciding that issue in this case. The court of claims properly reviewed the sentencing entry to determine its facial validity. We agree with the court of claims that there is nothing on the face of the sentencing entry that would suggest it was invalid. Accordingly, the court of claims properly granted summary judgment in favor of ODRC on appellant's *Page 8 
claim for false imprisonment. Appellant's first, second, and third assignments of error are overruled.
 {¶ 16} Appellant contends in his fifth assignment of error that the court of claims erred when it dismissed his claims for declaratory judgment. Appellant presented two claims for declaratory judgment. First, he requested the court of claims to declare that he had only two separate adult incarcerations, a determination that would make him eligible for job training programs. Second, he claimed an entitlement to a $75 payment pursuant to an ODRC policy for inmates who are lawfully released. The court of claims held that ODRC had immunity from these claims. We disagree.
 {¶ 17} This immunity, commonly referred to as sovereign or discretionary immunity, provides that "the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." Reynolds v. State (1984), 14 Ohio St.3d 68, paragraph one of the syllabus; Wallace v. Ohio Dept. of Commerce,96 Ohio St.3d 266, 2002-Ohio-4210, paragraph two of the syllabus.
 {¶ 18} This doctrine, however, provides states with immunity from tort liability. See Garland v. Ohio Dept. of Transp. (1990),48 Ohio St.3d 10, 12 ("We hold that a governmental entity is immune from tortliability when it makes a decision as to what type of traffic signal to install at a intersection.") (emphasis added); Howe v. Jackson Twp. Bd.of Trustees (1990), 67 Ohio App.3d 159, 162 ("Historically, governmental units have been protected from tort liability under the judicially created doctrine of sovereign immunity.") (emphasis added). It does not apply to claims seeking declaratory relief. See Mega *Page 9 Outdoor, LLC v. Dayton, Montgomery App. No. 21807, 2007-Ohio-5666, at ¶ 54; cf. Parker v. Upper Arlington, Franklin App. No. 05AP-695,2006-Ohio-1649, at ¶ 9 (noting that R.C. Chapter 2744 immunity is only a defense to tort claims, not claims for declaratory relief). Thus, the court of claims erred when it applied the doctrine of sovereign immunity to appellant's claims for declaratory judgment. Appellant's fifth assignment of error is sustained. On remand, the court of claims will need to address whether it has jurisdiction to hear these declaratory judgment claims, given the dismissal of appellant's false imprisonment claim.
 {¶ 19} Lastly, appellant contends in his fourth assignment of error that the court of claims' grant of summary judgment violated his constitutional right to a remedy, as provided by the Ohio Constitution in Article I, Section 16. That article provides that: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."
 {¶ 20} A trial court's proper grant of summary judgment does not violate this constitutional provision. State Farm Mut. Auto. Ins. Co. v.Advanced Impounding Recovery Servs., 165 Ohio App.3d 718,2006-Ohio-760, at ¶ 19. Thus, appellant's fourth assignment of error is overruled to the extent that the trial court properly granted summary judgment in this case. To the extent we have reversed the trial court's summary judgment award pursuant to appellant's fifth assignment of error, this issue is moot.
 {¶ 21} Appellant's first, second, and third assignments of error are overruled. His fourth assignment of error is overruled in part and rendered moot in part. Finally, his fifth *Page 10 
assignment of error is sustained. Accordingly, the judgment of the Court of Claims of Ohio is affirmed in part and reversed in part, and the matter is remanded for further proceedings in accordance with this opinion.
Judgment affirmed in part, reversed in part; and cause remanded.
SADLER, P.J., and BRYANT, J., concur.
[1] Apparently, the ODRC considers appellant to have served three separate adult incarcerations, including the one which was reversed by the Bradley court. ODRC policy prohibits inmates who have served three or more separate adult incarcerations from participating in state-funded job training programs.
[2] ODRC policy provides for a $75 payment to inmates at the time of a lawful release if the inmate has served more than 365 days. The same policy provides that inmates who are released on judicial release receive a check for the amount in their personal account. ODRC claimed that appellant was granted a judicial release. Thus, according to its policy, the ODRC provided him with a check for the amount of money in his personal account at the time of his release. *Page 1