OPINION
{¶ 1} Plaintiff-appellant, Erby Gonzales, appeals from a judgment of the Court of Claims of Ohio dismissing appellant's complaint against defendant-appellee, Ohio Department of Rehabilitation and Correction, alleging a common law claim of false imprisonment. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} At all times pertinent to this matter, appellant, having been sentenced to prison by the Defiance County Court of Common Pleas in January 2005, was an inmate in the custody and control of appellee at the North Central Correctional Institution pursuant to R.C. 5120.16.
 {¶ 3} In December 2007, appellant filed a complaint in the Court of Claims of Ohio against appellee, wherein he asserted a common law claim of false imprisonment. In January 2008, appellee moved to dismiss appellant's complaint pursuant to Civ. R. 12(B)(1), for lack of subject matter jurisdiction, and Civ. R. 12(B)(6), for appellant's failure to state a claim upon which relief can be granted. On May 29, 2008, the trial court granted appellee's motion to dismiss and accordingly dismissed appellant's case. Appellant timely appeals to this court from this judgment.
 {¶ 4} In this appeal, appellant sets forth the following two "propositions of law":
 "SENTENCING PACKAGE" DOCTRINE HAS NO APPLICABILITY TO OHIO STATE SENTENCING LAWS.
 A SENTENCE FOR A SEPARATE, INDIVIDUAL OFFENSE IS VOID IF POST RELEASE CONTROL IS NOT INCLUDED.
 {¶ 5} Although appellant's "propositions of law" do not directly assign any error by the trial court, these statements appear to be appellant's attempt to present a concise statement of law in support of his appeal of the trial court's judgment. Fundamentally, appellant's brief alleges that the trial court erred in dismissing his claim against appellee for the tort of false imprisonment. In the interest of justice, we will address the merits of appellant's contention that the trial court erred in dismissing his claim against appellee, even though appellant's brief does not comply with App. R. 16(A)(3), which requires an *Page 3 
appellant's brief to include a statement of the assignments of error presented for review. In this way, we construe appellant's "propositions of law" as "assignments of error."
 {¶ 6} The standard of review for a dismissal granted pursuant to Civ. R. 12(B)(1) and (B)(6) is de novo. Under Civ. R. 12(B)(1), lack of subject-matter jurisdiction, the question of law is whether the plaintiff has alleged any cause of action for which the court has authority to decide. McHenry v. Indus. Comm. (1990), 68 Ohio App.3d 56,62, 587 N.E.2d 414. Under Civ. R. 12(B)(6), failure to state a claim upon which relief may be granted, the court must determine whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Guess v. Wilkinson (1997),123 Ohio App.3d 430, 434, 704 N.E.2d 328.
 {¶ 7} As stated above, appellant's claim against appellee is a common law claim of false imprisonment. Pursuant to R.C. 2743.02(A)(1), the state may be held liable for false imprisonment of its prisoners.Bennett v. Ohio Dept. of Rehab. Corr. (1991), 60 Ohio St.3d 107,573 N.E.2d 633, paragraph two of the syllabus. "False imprisonment occurs when a person confines another intentionally `without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" Id., at 109. Therefore, to prove a claim for false imprisonment in Ohio, a plaintiff must demonstrate that he was intentionally confined without lawful privilege and against his will or consent within a limited area for any appreciable time. See Roberson v.Dept. of Rehab. Corr., Franklin App. No. 03AP-538, 2003-Ohio-6473, at ¶ 10, citing Bennett, at 109.
 {¶ 8} However, an action for false imprisonment cannot be maintained when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face.Bradley v. Ohio Dept. of Rehab. Corr, *Page 4 
Franklin App. No. 07AP-506, 2007-Ohio-7150, at ¶ 10, citingBennett. Thus, although the state may be liable for false imprisonment, it retains immunity under common law for claims of false imprisonment when the plaintiff was incarcerated pursuant to a facially valid judgment or order. Id., at ¶ 11. This immunity remains even if a facially valid judgment or order is later determined to be void. Id.
 {¶ 9} In his appellate brief, appellant argues that the court that sentenced him erroneously applied the sentencing package doctrine, and failed to include post-release control for each separate offense. On this basis, appellant asserts that his sentences are "void" and therefore resolves that appellee has been improperly imprisoning him pursuant to these "void" sentences. We find that these arguments are unavailing in this appeal.
 {¶ 10} Appellant conceded in his complaint that he was confined by appellee pursuant to a journal entry of a court. Appellant alleged that the application of case law to the entry, which was relied upon by appellee, demonstrated its invalidity. The allegations in appellant's complaint do not challenge the facial validity of the sentencing entry. In other words, there is no allegation in the complaint that the entry was facially invalid so as to demonstrate appellee's knowledge that it lacked lawful privilege to confine appellant. Moreover, to the extent appellant seeks to challenge the propriety of his sentences, we note that this court has stated that "R.C. 2743.02 does not embrace jurisdiction to review criminal proceedings occurring in courts of common pleas." Donaldson v. Court of Claims of Ohio (May 19, 1992), Franklin App. No. 91AP-1218, 1992 Ohio App. LEXIS 2584, at *3; seeHamilton v. Ohio Dept. of Rehab. Corr., Franklin App. No. 06AP-916,2007-Ohio-1173, at ¶ 13 (noting that it was improper for the appellant to attempt to appeal his convictions and/or sentences in the Court of Claims of Ohio). For these reasons, we *Page 5 
conclude that the trial court did not err in dismissing appellant's false imprisonment claim against appellee.
 {¶ 11} Accordingly, because the trial court did not err in dismissing appellant's claim against appellee for false imprisonment, we overrule appellant's two assignments of error and affirm the judgment of the Court of Claims of Ohio.
Judgment affirmed.
 McGRATH and TYACK, JJ., concur. *Page 1