[Cite as *Martin v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-3179.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANTHONY MARTIN

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2010-07881

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

<u>DECISION</u>

**{¶ 1}** On April 27, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On May 18, 2011, plaintiff filed a response and cross-motion for summary judgment pursuant to Civ.R. 56(A). On May 23, 2011, defendant filed a response. The motions are now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

**{¶ 2}** Civ.R. 56(C) states, in part, as follows:

**{¶ 3}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} Plaintiff is currently an inmate in the custody and control of defendant at the Marion Correctional Institution pursuant to R.C. 5120.16. Plaintiff alleges that defendant was without legal authority to confine him inasmuch as the original and subsequent sentencing orders from his criminal case are void for failure to properly impose post-release control.

{¶ 5} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and, 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318.

{¶ 6} In support of its motion for summary judgment, defendant filed the affidavit of Melissa Adams, who states:

{¶ 7} "1. I am employed by [defendant] as the Chief of the Bureau of Sentence Computation (the "Bureau").

{¶ 8} "2. I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit.

{¶ 9} "3. The Bureau bases its sentence calculations on certified entries received from a court of law. Furthermore, the Bureau is unable to alter a calculation date if no entry has been received which would change a sentence. In [plaintiff's] case, the court entries described below include all entries received by the Bureau which would alter [plaintiff's] sentence.

{¶ 10} "4. I have reviewed [plaintiff's] inmate file and the court records from his criminal case, which is identified as Wayne County case no. 06-CR-0119.

**{¶ 11}** "5. On October 6, 2006, [plaintiff] was admitted to [defendant] to serve a sentence of seven (7) years for Possession of Crack Cocaine, Felony 1, to be served concurrently with a one (1) year sentence for Possession of Crack Cocaine, Felony 5. A true and accurate copy of the Sentencing Entry date October 4, 2006 is attached hereto as Exhibit A.

**{¶ 12}** "6. Pursuant to the sentencing entry, the Bureau applied two hundred one (201) days of jail time credit as well as an additional one (1) day of credit for conveyance time for a total of two hundred two (202) days of credit.

**{¶ 13}** "7. The Bureau later received a Judgment/Sentencing Entry filed on November 14, 2007. This entry did not alter [plaintiff's] sentence. Through this entry the Court maintained that [plaintiff] would serve a seven (7) year and one (1) year sentence concurrently for the crimes of which he was convicted. A true an accurate copy of the Judgment/Sentencing Entry is attached hereto as Exhibit B.

**{¶ 14}** "8. The Bureau then received another entry file stamped November 26, 2007. This entry also did not change [plaintiff's] sentence and again stated that [plaintiff] would be serving a seven (7) and one (1) year sentence concurrently. A true and accurate copy of the Judgment/Sentencing Entry is attached hereto as Exhibit C.

**{¶ 15}** "9. Since the time of [plaintiff's] sentencing, he has received an additional fourteen (14) days of credit for productive program participation.

**{¶ 16}** "10. Based upon [plaintiff's] sentence and the above-described credit, his release date has been calculated as March 1, 2013.

**{¶ 17}** "11. While in the custody of [defendant], [plaintiff] has been imprisoned in accordance with the judgment entries issued by the Wayne County Court of Common Pleas in Case No. 06-CR-0119. No irregularities or other invalidating characteristics were noted in regards to the judgment entries issued in such case."

**{¶ 18}** In opposition to defendant's motion and in support of his motion, plaintiff filed his own affidavit wherein he describes his efforts to bring the "void" entries to the attention of several of defendant's employees.

**{¶ 19}** An action for false imprisonment cannot be maintained when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face. *Bradley v. Ohio Dept. of Rehab. & Corr.*,

Franklin App. No. 07AP-506, 2007-Ohio-7150, ¶10; *Fryerson v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-1216, 2003-Ohio-2730, ¶17; *Diehl v. Friester* (1882), 37 Ohio St. 473, 475. Thus, the state is immune from a common law claim of false imprisonment when the plaintiff was incarcerated pursuant to a facially-valid judgment or order, even if the facially-valid judgment or order is later determined to be void. *Bradley*, at ¶11; *Likes v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 05AP-709, 2006-Ohio-231, ¶10. Facial invalidity does not require the consideration of extrinsic information or the application of case law. *Gonzales v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 08AP-567, 2009-Ohio-246, ¶10.

{¶ 20} Upon review of the sentencing entries that defendant has relied upon to incarcerate plaintiff, the court does not perceive any error which would draw into question the validity of the orders. Additionally, based upon the affidavit of Melissa Adams, the court finds that defendant has at all times confined plaintiff pursuant to what defendant reasonably believed to be a valid court order. Thus, defendant cannot be liable for false imprisonment. Accordingly, plaintiff's motion for summary judgment shall be denied; defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANTHONY MARTIN

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2010-07881

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

<u>JUDGMENT ENTRY</u>

A non-oral hearing was conducted in this case upon the parties' cross-motions for summary judgment. For the reasons set forth in the decision filed concurrently herewith, plaintiff's motion for summary judgment is DENIED. Defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Jennifer A. Adair                              Anthony Martin, #513-473
Assistant Attorney General                     Marion Correctional Institution
150 East Gay Street, 18th Floor                P.O. Box 57
Columbus, Ohio 43215-3130                      Marion, Ohio 43302

MR/cmd
Filed June 13, 2011
To S.C. reporter June 22, 2011