[Cite as *Baker v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-3901.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN BAKER

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant

     Case No. 2010-07903

Judge Alan C. Travis
Magistrate Matthew C. Rambo

DECISION

{¶ 1} On April 27, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On May 20, 2011, plaintiff filed a response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} Plaintiff is currently an inmate in the custody and control of defendant at the Allen Correctional Institution pursuant to R.C. 5120.16. Plaintiff alleges that there were irregularities in his sentencing hearing and that there are "defects" in his sentencing entries from the Lucas County Court of Common Pleas. Plaintiff claims that defendant had a duty to ensure the accuracy and validity of his sentencing entries prior to incarcerating him, and asserts a claim of false imprisonment.

{¶ 5} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. Elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318.

{¶ 6} In support of its motion, defendant filed the affidavit of Melissa Adams, who states:

{¶ 7} "1. I am employed by [defendant] as the Chief of the Bureau of Sentence Computation (Bureau).

{¶ 8} "2. I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit.

{¶ 9} "3. The Bureau bases its sentence calculations on certified entries received from a court of law. Furthermore, the Bureau is unable to alter a calculation date if no entry has been received which would change a sentence. In [plaintiff's] case, the court entries described below include all entries received by the Bureau which would alter [plaintiff's] sentence.

{¶ 10} "4. I have reviewed [plaintiff's] inmate file and the court records from his criminal case, which is identified as Lucas County case no. CR0200801976.

{¶ 11} "5. On January 29, 2009, [plaintiff] was admitted to [defendant] to serve a mandatory sentence of three (3) years for Attempted Trafficking in Cocaine. A true and accurate copy of the Sentencing Entry dated January 23, 2009 is attached hereto as Exhibit A.

{¶ 12} "6. The Bureau applied three (3) days of jail time credit as noted in the Sentencing Entry, as well as an additional five (5) days of credit for conveyance time for a total of eight (8) days of credit.

{¶ 13} "7. A Nunc Pro Tunc Judgment Entry was filed on June 7, 2010 in the Lucas County Court of Common Pleas and received by our office shortly thereafter. This entry was to correct certain defects in the January 23, 2009 entry. However, such entry did not alter [plaintiff's] sentence. The Court maintained in this entry that [plaintiff] was ordered to serve a mandatory three (3) year sentence. Jail time credit also remained unchanged. A true and accurate copy of the Nunc Pro Tunc Judgment Entry is attached hereto as Exhibit B.

{¶ 14} "8. Based upon [plaintiff's] sentence and the above-described credit, his release date has been calculated to be January 20, 2012.

{¶ 15} "9. While in [defendant's] custody, [plaintiff] has been imprisoned in accordance with the judgment entries issued by the Lucas County Court of Common Pleas in Case No. CR0200801976. No irregularities or other invalidating characteristics were noted in regards to the judgment entry issued in such case."

{¶ 16} An action for false imprisonment cannot be maintained when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face. *Bradley v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 07AP-506, 2007-Ohio-7150, ¶10; *Fryerson v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-1216, 2003-Ohio-2730, ¶17; *Diehl v. Friester* (1882), 37 Ohio St. 473, 475. Thus, the state is immune from a common law claim of false imprisonment when the plaintiff was incarcerated pursuant to a facially-valid judgment or order, even if the facially-valid judgment or order is later determined to be void. *Bradley*, at ¶11; *Likes v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 05AP-709, 2006-Ohio-231, ¶10. Facial invalidity does not require the consideration of extrinsic

information or the application of case law. *Gonzales v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 08AP-567, 2009-Ohio-246, ¶10.

{¶ 17} Civ.R. 56(E) states, in part, as follows:

{¶ 18} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 19} Plaintiff did not file any affidavit to dispute the averments made by Adams.

{¶ 20} Upon review of the sentencing entries that defendant has relied upon to incarcerate plaintiff, the court does not perceive any error which would draw into question the validity of the orders. Additionally, based upon the undisputed affidavit of Melissa Adams, the court finds that defendant has confined plaintiff pursuant to a valid court order at all times relevant. Thus, defendant cannot be liable for false imprisonment.

{¶ 21} To the extent that plaintiff is challenging the sentence imposed upon him by the Lucas County Court of Common Pleas, it is well-settled that a plaintiff may not substitute an action in the Court of Claims for a right of appeal in a different court. See *Hardy v. Belmont Corr. Inst.*, Ct. of Cl. No. 2004-09631, 2006-Ohio-623. "R.C. 2743.02 does not embrace jurisdiction to review criminal proceedings occurring in courts of common pleas." *Donaldson v. Court of Claims of Ohio* (May 19, 1992), Franklin App. No. 91AP-1218; see also *Troutman v. Ohio Dept. of Rehab. & Corr.*, Franklin App. Nos. 03AP-1240 and 04AP-670, 2005-Ohio-334.

{¶ 22} Based upon the foregoing, the court finds that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN BAKER

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2010-07903

Judge Alan C. Travis
Magistrate Matthew C. Rambo

<u>JUDGMENT ENTRY</u>

A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Jennifer A. Adair       Kevin Baker, #597-428
Assistant Attorney General       Allen Correctional Institution
150 East Gay Street, 18th Floor       P.O. Box 4501
Columbus, Ohio 43215-3130       Lima, Ohio 45802

MR/cmd
Filed June 20, 2011
To S.C. reporter August 2, 2011