[Cite as *Beachum v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-3900.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CARDELL BEACHUM

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

   Case No. 2010-07890

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On April 27, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On May 31, 2011, plaintiff filed a response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor."  See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Toledo Correctional Institution pursuant to R.C. 5120.16.  Plaintiff alleges that defendant was without legal authority to confine him inasmuch as the sentencing orders from his criminal cases are void for failure to properly impose post-release control.

{¶ 5} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *.'"  *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71.  The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and 3) knowledge that the privilege initially justifying the confinement no longer exists.  *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318.

{¶ 6} In support of its motion, defendant filed the affidavit of Melissa Adams, who states:

{¶ 7} "1.   I am employed by [defendant] as the Chief of the Bureau of Sentence Computation (Bureau).

{¶ 8} "2.   I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit.

{¶ 9} "3.   The Bureau bases its sentence calculations on certified entries received from a court of law.  Furthermore, the Bureau is unable to alter a calculation date if no entry has been received which would change a sentence.  * * *

{¶ 10} "4. I have reviewed [plaintiff's] inmate file and the court records from his criminal matters, which are identified as Sandusky County Case Nos. 02-CR-553 and 05-CR-478, and Erie County Case Nos. 2006-CR-098 and 2006-CR-398.

{¶ 11} "* * *

{¶ 12} "14. While in the custody of [defendant], [plaintiff] has been imprisoned in accordance with the judgment entries issued by the Sandusky County Court of Common Pleas in Case No. 02-CR-553 and 05-CR-478, and the Erie County Court of Common Pleas case numbers 2006-CR-098 and 2006-CR-398. No irregularities or other invalidating characteristics were noted in regards to the judgment entries issued in any of these four cases."

{¶ 13} An action for false imprisonment cannot be maintained when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face. *Bradley v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 07AP-506, 2007-Ohio-7150, ¶10; *Fryerson v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-1216, 2003-Ohio-2730, ¶17; *Diehl v. Friester* (1882), 37 Ohio St. 473, 475. Thus, the state is immune from a common law claim of false imprisonment when the plaintiff was incarcerated pursuant to a facially-valid judgment or order, even if the facially-valid judgment or order is later determined to be void. *Bradley*, at ¶11; *Likes v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 05AP-709, 2006-Ohio-231, ¶10. Consideration of extrinsic information or the application of case law is not required of the state where the order of incarceration is valid on its face. *Gonzales v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 08AP-567, 2009-Ohio-246, ¶10.

{¶ 14} Upon review of the sentencing entries that defendant relied upon to incarcerate plaintiff, the court does not perceive any error which would draw into question the validity of the orders. Additionally, based upon the affidavit of Melissa Adams, the court finds that defendant at all times confined plaintiff pursuant to what defendant reasonably believed to be a valid court order. Thus, defendant cannot be

liable for false imprisonment.  Accordingly, defendant's motion for summary judgment  is GRANTED and judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Jennifer A. Adair                              Cardell Beachum
Assistant Attorney General              407 Maike Place, Apt. C
150 East Gay Street, 18th Floor       Fremont, Ohio 43420
Columbus, Ohio 43215-3130

MR/cmd
Filed July 7, 2011
To S.C. reporter August 2, 2011