[Cite as *Hughley v. Southeastern Corr. Inst.*, 2011-Ohio-5332.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN HUGHLEY

    Plaintiff

    v.

SOUTHEASTERN CORRECTIONAL INSTITUTION

    Defendant    Case No. 2010-12036

Judge Clark B. Weaver Sr.

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} On January 20, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On January 26, 2011, plaintiff filed a response and a cross-motion for summary judgment pursuant to Civ.R. 56(A). On January 28, 2011, plaintiff filed a second response to defendant's motion for summary judgment. On February 2, 2011, defendant filed a response to plaintiff's motion for summary judgment. On March 23, 2011, a non-oral hearing was held on the cross-motions for summary judgment pursuant to L.C.C.R. 4(D).[1]

{¶2} As an initial matter, on March 24, 2011, plaintiff filed a "motion to amend summary judgment request via granted amendment of complaint." On March 29, 2011, defendant filed a motion to strike plaintiff's March 24, 2011 motion. On April 4, 2011, plaintiff filed a response. A review of plaintiff's amended complaint does not reveal any new operative facts or additional claims for relief that would justify an amendment to plaintiff's motion for summary judgment. Accordingly, plaintiff's motion to amend is DENIED and defendant's motion to strike is GRANTED.

{¶3} Civ.R. 56(C) states, in part, as follows:

{¶4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶5} Plaintiff was formerly an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff alleges that defendant was without legal authority to confine him inasmuch as convictions of misdemeanor offenses must be served in jail rather than prison pursuant to R.C. 2929.26(D).

{¶6} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318.

{¶7} In support of its motion for summary judgment, defendant filed the affidavit of Melissa Adams, who states:

---

[1]Plaintiff's March 9, 2011 "motion to rule on plaintiff's February 2, 2011 filing to amend complaint with request to change summary judgment hearing to oral hearing" is DENIED as moot.

{¶8} "1.  I am the Chief of the Bureau of Sentence Computation (BOSC) of the Ohio Department of Rehabilitation and Correction ("DRC") and have held this position for one year. My job duties include but are not limited to direct responsibility for the BOSC, direct supervision of 45 staff members, review of sentence computations to ensure accuracy and compliance with Ohio law, monitor, review and enforce BOSC policies, develop procedures relevant to inmate records, and oversee the training for BOSC staff.

{¶9} "2.  I have personal knowledge and I am competent to testify to the facts contained in this Affidavit.

{¶10}        "* * *

{¶11}        "7.  BOSC questioned the order to serve misdemeanor charges in prison and contacted the court Bailiff Halle for clarification. * * *

{¶12}        "8. BOSC calculated the terms of Plaintiff's sentences and determined the date for the expiration of his sentences based upon the court's sentencing orders and the information pertaining to the amount of jail time credit that BOSC received."

{¶13}        In opposition to defendant's motion and in support of his motion, plaintiff has attached numerous exhibits; however, none of the exhibits are properly authenticated nor has plaintiff provided the court with an affidavit in support of his motion.

{¶14}        "[A]n action for false imprisonment cannot be maintained when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face." *Bradley v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 07AP-506, 2007-Ohio-7150, ¶10; *Fryerson v. Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-1216, 2003-Ohio-2730, ¶17; *Diehl v. Friester* (1882), 37 Ohio St. 473, 475.  Thus, the state is immune from a common law claim of false imprisonment when the plaintiff was incarcerated pursuant to a facially-valid judgment or order, even if the facially-valid judgment or order is later determined to be void. *Bradley*, supra, at ¶11; *Likes v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 05AP-

709, 2006-Ohio-231, ¶10.　Facial invalidity does not require the consideration of extrinsic information or the application of case law.　*Gonzales v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 08AP-567, 2009-Ohio-246, ¶10.

{¶15}　Plaintiff did not file an affidavit or any other admissible evidence either in support of his own motion for summary judgment or in opposition to defendant's motion for summary judgment.　Based upon the undisputed affidavit of Melissa Adams, the court finds that defendant at all times confined plaintiff pursuant to a valid court order.[2]　The law does not require defendant to question a facially valid order of the sentencing court.　*McKinney v. Ohio Dept. of Rehab. & Corr.,* Franklin App. No. 09AP-960, 2010-Ohio-2323.　The burden is upon plaintiff to challenge his conviction and sentence in the appropriate court.

{¶16}　Moreover, even if defendant had a duty to question the validity of the sentencing entry in this instance, defendant did contact the sentencing court regarding plaintiff's sentence.　Finally, there is also no question that plaintiff served only the term of confinement set forth in the sentencing entry, less jail time credit, and that he was released at the expiration of that term.

{¶17}　In short, the only reasonable conclusion to draw from the undisputed evidence is that plaintiff was not falsely imprisoned by defendant.　Accordingly, plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.　Judgment is rendered in favor of defendant.　Court costs are assessed against plaintiff.　The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____

[2]The court notes that defendant's answer does not include res judicata as an affirmative defense.　See *Hughley v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-562, 2010-Ohio-1768, ¶9 ("We note, however, that the sentencing entries forming the basis of appellant's claims have already been determined to be valid.　See *State v. Hughley*, 8th Dist. No. 92588, 2009-Ohio-5824, ¶22, discretionary appeal not allowed by 124 Ohio St.3d 1477, 2010-Ohio-354 * * *.")

CLARK B. WEAVER SR.
Judge

cc:

Amy S. Brown       Kevin Hughley
Stephanie D. Pestello-Sharf   16410 Scottsdale
Assistant Attorney General   Shaker Heights, Ohio 44120
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

GWP/dms
Filed September 12, 2011
To S.C. reporter October 13, 2011